UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRA YASBIN,<br><br>            Plaintiff,<br><br>v.<br><br>OLIPHANT FINANCIAL LLC, LAW OFFICES OF STEVEN COHEN LLC and STEVEN COHEN,<br><br>            Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Ira Yasbin ("Plaintiff"), by his undersigned attorneys, alleges the following against the Defendants OLIPHANT FINANCIAL, LLC ("Oliphant"), LAW OFFICES OF STEVEN COHEN LLC ("LOSC"), STEVEN COHEN ("Cohen") also collectively ("Defendants"):

**NATURE OF ACTION**

1. Plaintiff brings claims pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*, and New York General Business Law § 349.

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

3. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

4. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

5. Venue is also proper in this district because Plaintiff lives in this District, Defendants conduct business in this District, and the injury occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Kings County, New York.

7. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

8. Defendant Oliphant Financial, LLC was and is a foreign limited liability company that did transact and does now presently transact business in the State of New York through its registered agent URS Agents Inc., located at One Commerce Plaza, 99 Washington Avenue, Albany, New York 12210.

9. Defendant Law Offices of Steven Cohen LLC was and is a domestic limited liability company that did transact and does now presently transact business in the State of New York at its principal place of business located at 540 East 180th Street, Suite 203, Bronx, NY 10457.

10. Defendant Steven Cohen LLC was and is an individual that did transact and does now presently transact business in the State of New York at his principal place of business located at 540 East 180th Street, Suite 203, Bronx, NY 10457.

11. Upon information and belief, the principal purpose of Defendants is in the business of the collection of debts using the legal system, instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. Defendants are all "debt collectors" as defined by 15 U.S.C. § 1692a(6).

13. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiff.

14. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

15. Defendants are subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

16.

## ALLEGATIONS

17. Plaintiff adopts and realleges the foregoing as fully restated herein.

18. Prior to the commencement of this action, Plaintiff was alleged to have incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. Prior to the commencement of this action, Plaintiff did not owe a debt to the Defendants.

20. At no time has Plaintiff owed any debt to Defendants.

21. At no time has Plaintiff had any accounts open with Defendants.

22. At no time has Plaintiff had any personal credit accounts with Defendants.

23. At no time has Plaintiff had any personal business relationship with Defendants.

24. At no time has Defendants been in possession of a signed contract between Plaintiff and any other entity.

25. At no time was Defendants in possession of documents which would have duly conferred upon Defendant the legal standing to collect any debt from Plaintiff.

26. Given the facts delineated above, at no time has Defendants had any information in its possession to suggest that Plaintiff owed a debt to Defendants.

27. Given the facts delineated above, at no time has Defendants had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendants.

28. Consequently, Defendants began its collection efforts to collect said debt from Plaintiff.

**Collection Attempts**

29. Prior to the commencement of this action, Defendants filed an action against the Plaintiff to recover this debt in the Supreme Court of the State of New York, County of Kings, entitled *Oliphant Financial, LLC v. Ira Yasbin*, Index No.: 515790/2020 ("Civil Court Action").

30. Defendants claimed that because of their causes of action, it was entitled to receive the sum of $30, 149.79 from the Plaintiff.

31. Defendants also asserts the chain of title for the alleged debt as follows: Webbank to Lending Club Corporation to Oliphant Financial LLC.

32. Defendants commenced legal action against the Plaintiff in which its claims against the Plaintiff were materially false.

33. Subsequently, Plaintiff interposed his answer to Defendants' civil court action. Defendants was served with a copy of said answer.

34. Since issue has been joined, the Defendants moved for summary judgement against the Plaintiff in the Civil Court Action.

35. Defendants' summary judgment motion was which was based on faulty evidence, which they attempted to utilize to obtain a judgment against the Plaintiff.

36. The Defendants failed to submit evidence in admissible form establishing that the WebBank loan was assigned to Oliphant, and Oliphant has thus failed to prove its legal standing to bring its causes of action in the Civil Court Action.

37. Defendants failed to come forth with competent evidence establishing the most basic elements of its Civil Court action. Defendants failed to provide a complete chain of

assignments from the original creditor, and they have failed to provide evidence of the actual assignments themselves.

38. In order to pursue their Civil Court action with respect to the WebBank loan, Defendants had to establish (a) an assignment in proper form from WebBank to Oliphant or a proper assignment of ownership of the debt from WebBank to Lending Club, and from Lending Club to Olliphant. No such assignments exist. Defendants have not and cannot produce these critical documents.

39. Defendants have no standing to sue the Plaintiff for alleged monies owed. According to Defendants' complaint in the civil court action, the alleged account originated with Webbank, however, Defendants have failed to provide even one shred of evidence to demonstrate how any legal claim to collect the alleged debt was passed to Defendants.

40. Defendants' summons and complaint it filed with the court in its civil court action were filled with numerous materially false statements.

41. Defendants asserted that it was owed $30, 149.79 from the Plaintiff. Defendants' assertion that it was owed money was a clear mischaracterization of the amount of the alleged debt.

42. Defendant Oliphant claims that it was the owner of the account that resulted in the alleged debt and was authorized to proceed with the legal action and that the Plaintiff promised to pay the Defendants payments on said account are misleading. Defendants have mischaracterized the ownership of the alleged debt because there is no valid contract in writing between the Plaintiff and Defendants.

43. Defendants' representations to the court in its attempt to collect a debt that is not owed, are "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

44. Consequently, Defendants have maliciously sought to collect the debt from the Plaintiff.

45. Defendants' actions were to coerce the Plaintiff into paying a debt that is not owed by the Plaintiff.

46. Given the facts delineated above, at no time have Defendants had any information in its possession to suggest that Plaintiff owed a debt to Defendants.

47. Given the facts delineated above, at no time have Defendants had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendants.

48. Considering the facts articulated herein, Defendants utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying a debt.

49. Considering the facts articulated herein, Defendants utilized false and deceptive means to coerce Plaintiff into paying the alleged debt.

50. Considering the facts articulated herein, Defendants utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt.

51. Considering the facts articulated herein, Defendants attempted to collect a debt by communicating false representations or utilizing deceptive means.

52. Considering the facts articulated herein, Defendants attempted to collect a debt by mischaracterizing the amount and legal status of the alleged debt.

53. Considering the facts articulated herein, Defendants engaged in collection activity, the purpose of which was to harass the Plaintiff.

54. Considering the facts articulated herein, Defendants attempted to collect a debt not authorized or permitted by law.

55. Considering the facts articulated herein, Defendants took action against the Plaintiff it had no intention of undertaking.

56. Defendants' activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), 1692f and 1692f(1), amongst others.

57. Defendants' collection activity on these occasions was in violation of the provisions set forth in NY GBL § 349(a).

58. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendants.

## ALLEGATIONS OF LAW

59. Defendants' conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

60. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

61. Defendants' conduct violates GBL § 349(a) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

62. As per NY GBL § 349(a) and as a result of the above violations, Defendants are liable to the Plaintiff for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h) from each and every Defendant herein.

63. Plaintiff was damaged by the Defendants' conduct insomuch as experiencing worries and concerns and significant emotional harm as a result of Defendants' conduct in willfully violating the law. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm.

## COUNT I
## Violations of the Fair Debt Collection Practices Act

64. Plaintiff adopts and realleges the foregoing as fully stated herein.

65. Defendants violated the FDCPA.

66. Defendants' violations include, but are not limited to the following: d, e, and f.

    i. Defendants violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

    ii. Defendants violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

    iii. Defendants violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

    iv. Defendants violated 15 U.S.C. § 1692e(10) by utilizing false representations or deceptive means to collect an alleged debt;

    v. Defendants violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to collect an alleged debt;

    vi. Defendants violated 15 U.S.C. § 1692f (1) by attempting to collect an amount not permitted by law.

67. Defendants' violation of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k*.

68. Defendants have caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

69. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

70. Defendants' violation of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k(a)(1)*.

71. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT II
### Violations of the New York General Business Law § 349

72. Plaintiff adopts and realleges the foregoing as fully stated herein.

73. Under New York General Business Law §349(a), deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

74. Defendants' violations of § 349(a) of the NY GBL render it liable for statutory damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

75. Defendants' violations of § 349(a) of the NY GBL has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

76. As a direct and proximate result of Defendants' conduct committed in violations of § 349(a) of the NY GBL, Plaintiff was damaged in that he, among other things, suffered

emotional distress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

77. Defendants' violations of § 349(a) of the NY GBL render it liable for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

78. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff, Ira Yasbin prays that this Court:

a. Declare that Defendants violated the FDCPA;

b. For an award of actual and treble damages pursuant to 15 U.S.C. §1692k against the Defendants and for Plaintiff;

c. Enter judgment in favor of Plaintiff and against the Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA;

d. Declare that the Defendants violated the NY GBL;

e. Enter judgment in favor of Plaintiff and against the Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 349(h) of the NY GBL.

f. Enter judgment enjoining the Defendants from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

g. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ira Yasbin demands trial by jury.

Dated: August 1, 2024

Respectfully submitted,

*[signature]*

**LAW OFFICE OF ABEL L. PIERRE, PC**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**